# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

NAKREISHA MCFARLAND,

       Plaintiff,

       v.                       Case No. 26-CV-448

TASHA KING, KRYSTAL ELLIS, and
STEPHEN CALMER,

       Defendants.

---

## ORDER

---

The court screened plaintiff Nakreisha McFarland's complaint on March 23, 2026, and determined that she failed to state a claim on which relief could be granted. (ECF No. 4.) The court ordered that McFarland must file an amended complaint no later than April 16, 2026, if she wished to proceed with her lawsuit. (*Id.*)

The court's screening order (ECF No. 4) was returned as undeliverable on March 30, 2026. (ECF No. 6.) McFarland filed a motion for "emergency protective relief" on March 27, 2026 (ECF No. 5) and a "supplemental statement" on March 31, 2026 (ECF No. 7). The court re-sent its original screening order (ECF No. 4) to McFarland's updated address

on March 30, 2026. (ECF No. 6.) The court will now review McFarland's supplemental statement and motion for emergency protective relief.

In her supplemental statement McFarland alleges that the three individual defendants, Tasha King, Krystal Ellis, and Stephen Calmer, participated in or contributed to a discriminatory decision to deny her application for childcare certification in violation of the Americans with Disabilities Act ("ADA"). (ECF No. 7.) She claims that she was eligible for childcare certification in Racine County but was wrongfully denied and treated as a safety risk due to mental health concerns and a "perceived disability." (*Id.*)

As the court stated in its first order screening McFarland's complaint, individuals are not subject to Title II of the ADA. *See Ravenna v. Vill. of Skokie*, 388 F. Supp. 3d 999, 1004 (N.D. Ill. 2019) ("Only 'public entities,' and not individuals, are proper defendants under this statute.") (citing *City & County of San Francisco v. Sheehan*, 575 U.S. 600, 610 (2015); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000)). Moreover, McFarland's mention of a "perceived disability" is conclusory and lacks factual allegations that plausibly suggest the decisionmakers perceived her as having a disability. Because McFarland has relied on conclusory allegations and not named an appropriate defendant, she has failed to state a claim.

In her motion for "emergency protective relief" (ECF No. 5) McFarland requests a protective order, temporary restraining relief, and an order directing the defendants, "and those acting in concert with them," to cease and desist retaliatory conduct. (*Id.*) She

indicates that Children's Wisconsin, a private hospital, has barred her from visiting her minor child "based on an alleged threat that [McFarland] disputes." (*Id.*) She claims the actions are retaliatory in nature and intended to interfere with her parental rights. (*Id.*)

McFarland makes no connection between the alleged ADA violation by employees of the Racine County Human Services Department in her complaint and the alleged interference with her parental rights by a private hospital in her motion for protective relief. (*Compare* ECF Nos. 1, 5, 7.) Moreover, child custody proceedings are state court actions. *See, e.g.*, Wis. Stat. § 767.01. Because McFarland's motion for protective relief lacks any indication of a violation of federal law, the court has no basis on which to grant her request.

The court will still allow McFarland to file an amended complaint if she wishes to proceed with this action. If she files an amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

1. **Conclusion**

**IT IS THEREFORE ORDERED** that McFarland's motion for emergency protective relief (ECF No. 5) is **denied**.

**IT IS FURTHER ORDERED** that McFarland must file an amended complaint no later than **April 27, 2026,** if she wishes to proceed with this action. **If McFarland fails to do so the court will recommend that her complaint and this action be dismissed.**

**IT IS FURTHER ORDERED** that all of McFarland's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

McFarland should also retain a personal copy of each document.

McFarland is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, McFarland must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

4