NAKREISHA MCFARLAND,

        **Plaintiff,**

        **v.**                      **Case No. 26-CV-448**

TASHA KING, KRYSTAL ELLIS,
STEPHEN CALMER, KATIE KASPRZAK, and
RACINE COUNTY HUMAN SERVICES,

        **Defendants.**

## RECOMMENDATION AND ORDER

On March 19, 2026, Nakreisha McFarland filed a complaint alleging a violation of the Americans with Disabilities Act. Upon screening, the court determined that she failed to state a claim on which relief could be granted but allowed her to file an amended complaint if she wished to proceed with her lawsuit. (ECF No. 4.) McFarland then filed a motion for "emergency protective relief" (ECF No. 5) and a "supplemental statement" (ECF No. 7). The court denied the motion for emergency protective relief (ECF No. 5) and determined that the supplemental statement (ECF No. 7) also failed to state a claim. (ECF No. 8.) However, the court again offered McFarland an opportunity to amend her

complaint. (*Id.*) McFarland filed an amended complaint (ECF No. 11) with ten attached exhibits (ECF No. 12) on April 10, 2026.

The court will now screen McFarland's amended complaint (ECF No. 11) to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## 1. Factual Allegations

McFarland names four individuals and Racine County Human Services as defendants in her amended complaint. (ECF No. 11 at 1.) She alleges that the defendants violated state childcare law and her due process rights in denying her application for childcare certification. (*Id.* at 1–3.)

McFarland claims the defendants "relied on arrest information without individualized review," "failed to provide [her] a meaningful in-person hearing," and "predetermined the outcome prior to appeal." (ECF No. 11 at 1.) She provided a copy of the denial letter, which identifies three reasons that the agency found she was "not fit and qualified" for certification. (Exhibit A, ECF No. 12 at 1–2.) She also included a letter from Racine County Human Services responding to her "Customer Complaint" and explaining that no further hearings would be scheduled in the matter because she failed to appear at two scheduled hearings. (Exhibit B, ECF No. 12 at 3–4.)

2

McFarland indicates that this action arises under 42 U.S.C. § 1983 and that she wishes to bring a *Monell* claim against Racine County Human Services for maintaining unconstitutional certification practices. (ECF No. 11 at 2–3.) She also alleges that the defendants violated Wisconsin Administrative Code DC § 202, which provides standards and procedures for childcare certification, promulgated under the authority of Wis. Stat. § 48.651(1d). (*Id.* at 2.) She requests compensatory and punitive damages, as well as an order requiring a fair and impartial hearing. (*Id.* at 4.)

## 2. Analysis

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) [she] was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon [her] by a person or persons acting under color of state law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A *Monell* claim refers to an action against a municipality under § 1983, which is permitted when the deprivation of constitutional rights is caused by a municipal policy or custom. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978).

McFarland alleges a deprivation of procedural due process rights, which are guaranteed by the Fourteenth Amendment to the U.S. Constitution. The due process clause "requires particular procedures only when the decision 'deprives' a person of 'life, liberty, or property.'" *Carson v. Block*, 790 F.2d 562, 566 (7th Cir. 1986).

Liberty interests are not at stake because McFarland can still pursue childcare as an occupation without certification. *See Buckner v. Heidke*, No. 2012AP2598, 2014 WL 2974316, at *12–13, 2014 Wisc. App. LEXIS 531, at *27–29 (Wis. Ct. App. July 3, 2014) (observing that, although the plaintiff would be ineligible for childcare subsidies, she would not be "prevented from working in the childcare field simply because she is not certified").

As for a property interest in childcare certification, "an interest is 'property' only if there is an entitlement that stands or falls on the application of rules to facts." *Carson*, 790 F.2d at 566. "To the extent a request appeals to discretion rather than to rules, there is no property." *Id.* (citation omitted).

Wisconsin's administrative code instructs that "[a] certification agency may deny, suspend, revoke, refuse to renew certification, issue a warning of enforcement, initiate other enforcement actions specified in this chapter, or place conditions on the certification" if "any" of eight enumerated conditions apply to the applicant. Wis. Admin. Code DC § 202.06(1). For example, the conditions include that the "certification agency determines there is danger to the health, safety, or welfare of the children in care" or that the "certification agency has determined the applicant or operator is not fit and qualified." *See id.*

The Seventh Circuit Court of Appeals has found that the "general welfare clause" is evidence of discretion vested in the decisionmaker. *See Bayview-Lofberg's, Inc. v. City of*

4

*Milwaukee*, 905 F.2d 142, 145–46 (7th Cir. 1990) (finding no property interest in liquor license within the meaning of the due process clause). The Wisconsin Court of Appeals has also determined that no state statute creates a "legitimate claim of entitlement" to childcare certification. *See Buckner*, No. 2012AP2598, 2014 WL 2974316, at *10–13 (concluding that plaintiff had no protected property or liberty interest in childcare certification).

McFarland challenges the adequacy of her appeal to the certification agency, but the fact that the administrative code provides a process for appeal does not mean that constitutional due process applies. *See Carson*, 790 F.2d at 566 ("[T]he fact that the statute affords some process does not mean that the due process clause requires the government to carry out the statute.") (citing *Olim v. Wakinekona*, 461 U.S. 238, 248–51 (1983)). Given the discretionary nature of childcare certification in Wisconsin, the court concludes that no protected interest in certification exists.

Even assuming that McFarland could establish a constitutionally protected interest, she has not alleged a due process violation. The due process clause guarantees the right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). McFarland alleges that the defendants "failed to provide a fair hearing." (ECF No. 11 at 2.) However, that is a conclusory statement lacking factual allegations about *how* any of the defendants denied her a fair hearing. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (concluding that

"courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). In fact, the letter from Racine County Human Services attached to her complaint and incorporated by reference states that McFarland failed to appear for her scheduled hearing on appeal, requested another hearing, and again failed to appear. (ECF No. 12 at 3–4.) Therefore, the letter suggests that McFarland received an opportunity to be heard. McFarland does not provide any other facts related to her opportunity to be heard or the fairness of said opportunity.

McFarland also does not challenge the notice element of procedural due process. (*See generally* ECF No. 11.) She argues that the decisionmaker relied on improper criteria (*id.* at 2), but the merits of the decision are not relevant to notice or the opportunity to be heard.

On this record, McFarland has provided no arguable basis for a due process violation. She has not identified a constitutionally protected interest, and even if she could she has not alleged facts suggesting she was denied an opportunity to be heard at a meaningful time or in a meaningful manner. Therefore, she has failed to state a claim.

The court will not address McFarland's allegation that the defendants violated Wisconsin law in processing and denying her application. (ECF No. 11 at 2.) Because she has not stated a federal cause of action, the court cannot exercise its supplemental jurisdiction to entertain a state law claim. *See* 28 U.S.C. § 1367(a).

6

### 3. Conclusion

In sum, McFarland has failed to state a claim upon which relief can be granted in the district court. Because not all parties have had the opportunity to consent to the jurisdiction of a magistrate judge, the Clerk of Court will randomly assign the case to a district judge for consideration of this court's recommendation that the action be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority").

**IT IS THEREFORE RECOMMENDED** that McFarland's amended complaint and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 15th day of April, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge