UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NAKREISHA MCFARLAND,

        Plaintiff,

                                        Case No. 26-cv-448-pp

   v.

TASHA KING, KRYSTAL ELLIS, STEPHEN CALMER,
RACINE COUNTY HUMAN SERVICES and KATIE KASPRZAK,

        Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING
MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 13),
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT (DKT. NO. 18) AND DISMISSING CASE**

---

Magistrate Judge William E. Duffin issued a report recommending that this Article III judge dismiss the plaintiff's amended complaint. Dkt. No. 13. The plaintiff objects to the report and recommendation, dkt. nos. 15, 17, and seeks leave to file a second amended complaint, dkt. no. 18. The court will overrule the objections, adopt Judge Duffin's recommendation and dismiss the case.

## I.    Background

On March 19, 2026, the plaintiff—representing herself—filed a one-page complaint alleging that Krystal Ellis had discriminated against her because of her "mental disability" in violation of the Americans with Disabilities Act (ADA). Dkt. No. 1. She asserted that Ellis and Tasha King, employees of Racine County Human Services acting under color of law, denied her application to operate a childcare facility in Racine County and made "allegations" against

1

her. Id. at 2. The complaint also named Stephen Calmer as a defendant but included no allegations against him.

Judge Duffin granted the plaintiff's motion for leave to proceed without prepaying the filing fee and screened the complaint under 28 U.S.C. §1915. Dkt. No. 4. He construed the complaint as alleging that the defendants had violated Title II of the ADA by excluding the plaintiff from receiving or participating in services offered by Racine County Human Services. Id. at 4–5. Judge Duffin ordered the plaintiff to file an amended complaint; he explained that a plaintiff cannot sue individuals under Title II and that the complaint lacked facts showing that the plaintiff was eligible for the services she allegedly was denied. Id. at 5–6.

Instead of filing an amended complaint, the plaintiff filed an "emergency motion for protective order, temporary restraining relief, and request for cease and desist from retaliatory conduct," dkt. no. 5, and a "supplemental statement of disability discrimination," dkt. no. 7. The "emergency motion" asserted that the plaintiff had filed this case against the Wisconsin Department of Health Services and the Racine County Department of Health Services and alleged that she then had been barred from visiting her minor child in "Children's Wisconsin in Wauwatosa." Dkt. No. 5 at ¶¶1–2. She asserted that this was in retaliation against her for filing this case. Id. at ¶6. In the "supplemental statement," the plaintiff provided additional factual allegations about her disability discrimination claim, alleging that she had applied for childcare certification in Racine County, but that her application had been denied based on "alleged mental health concerns and assertions that Plaintiff posed a safety risk to children." Dkt. No. 7 at ¶¶1–2. The supplemental statement identified King, Ellis and Calmer as defendants. See id.

Judge Duffin reviewed both documents. Dkt. No. 8. He reiterated that individuals were not proper defendants in a Title II case and determined that the supplemental statement still lacked factual allegations suggesting that the defendants denied the plaintiff's application because of her alleged disability. Id. at 2. Judge Duffin also denied the plaintiff's emergency motion, explaining that the plaintiff had alleged no connection between her ADA claims and the alleged interference with her parental rights. Id. at 3. Judge Duffin stated that the plaintiff still could file an amended complaint, which would need to be complete in itself, without reference to the original complaint. Id.

Shortly afterward, the plaintiff filed a motion for leave to file an amended complaint and a proposed amended complaint. Dkt. No. 9. Judge Duffin denied the motion as moot because he already had granted the plaintiff leave to amend; he accepted the proposed amended complaint as the operative complaint. Dkt. No. 10.

In the amended complaint, the plaintiff names Ellis, King and Calmer as defendants, as well as Racine County Human Services and Katie Kasprzak. Dkt. No. 11 at 1. The plaintiff alleges that she applied for childcare certification in Racine County, which the county denied. Id. at ¶¶10–11. She alleges that she appealed that denial and filed a "customer complaint regarding staff conduct." Id. at ¶¶14–15. The plaintiff asserts that she passed a background check, but that the defendants still denied her certification based on "arrest information without individualized review." Id. at ¶¶19–21, 23. She alleges that she was denied "a meaningful in-person hearing" and that the outcome of her appeal was "predetermined." Id. at ¶¶22, 24. The plaintiff asserts that Racine County failed to follow state law governing childcare certification. Id. at ¶¶26–34.

The amended complaint asserts two claims: (1) denial of procedural due process and (2) municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). Id. at ¶¶35–50.

On April 15, 2026, Judge Duffin reviewed the amended complaint and recommended that this court dismiss it, and the case, for failure to state a claim. Dkt. No. 13. The plaintiff filed two timely objections, dkt. nos. 15, 17, and a motion for leave to file a second amended complaint, dkt. no. 18.

## II.  Judge Duffin's Recommendation

### A.  Report and Recommendation (Dkt. No. 13)

Judge Duffin interpreted the amended complaint as bringing claims for constitutional violations under 42 U.S.C. §1983. Dkt. No. 13 at 3. He stated that procedural due process rights attach only when the challenged decision deprives a person of "life, liberty, or property." Id. (quoting Carson v. Block, 790 F.2d 562, 566 (7th Cir. 1986)). Judge Duffin explained that the plaintiff's liberty is not at stake because she "can still pursue childcare as an occupation without certification." Id. at 4 (citing Buckner v. Heidke, No. 2012AP2598, 2014 WL 2974316, at *12–13 (Wis. Ct. App. July 3, 2014)). He determined that the plaintiff had no property interest in childcare certification because state decisionmakers have discretion to grant or deny certification. Id. at 4–5. For the same reason, Judge Duffin concluded that the federal due process clause does not require the state's certification appeal process to include any specific procedures. Id. at 5.

Judge Duffin found that even if the plaintiff could establish a constitutionally protected interest in childcare certification, the amended complaint did not allege a due process violation. Id. Although the plaintiff alleged that the defendants had "failed to provide a fair hearing," Judge Duffin

4

stated that the exhibits attached to the amended complaint showed otherwise: a letter from Racine County Human Services stated that the plaintiff had "failed to appear for her scheduled hearing on appeal, requested another hearing, and again failed to appear." Id. at 5–6 (citing Dkt. No. 12 at 3–4). Judge Duffin determined that this showed that the plaintiff had an opportunity to be heard, which is all the due process clause requires. Id. He found that the plaintiff had failed to state a claim for a due process violation under 42 U.S.C. §1983. Id. at 6. Because he recommended dismissing the sole federal claim, Judge Duffin declined to consider whether the plaintiff had stated any claim that the defendants violated Wisconsin law. Id. Judge Duffin recommended that this court dismiss the complaint and the case. Id. at 7.

B.      Plaintiff's Objections (Dkt. Nos. 15, 17)

On April 22, 2026, the court received from the plaintiff two objections to the report and recommendation. Dkt. Nos. 15, 17. The first objection focuses on the plaintiff's ADA claim, which she did not include in her amended complaint. Dkt. No. 15. The plaintiff's second objection argues that the amended complaint sufficiently alleges a due process violation, an ADA violation and a retaliation claim under the ADA and the First Amendment. Dkt. No. 17. Because the amended complaint contains only constitutional claims brought under 42 U.S.C. §1983, the court will consider only the plaintiff's objections related to that claim. The court will not consider any arguments about the ADA claim in the plaintiff's original complaint or her newly-raised First Amendment claim.

In her second objection, the plaintiff argues that she has identified a protected property interest in childcare certification because she "met the eligibility requirements for participation" and has a "legitimate claim of

entitlement" to the certification. Dkt. No. 17 at 1. She argues that she did not have a meaningful opportunity to be heard because the state agency appeal process was biased. Id. The plaintiff asserts that Ellis both denied her application and oversaw her appeal and that Ellis was not a neutral decisionmaker. Id. She argues that her failure to attend the appeal meetings are not fatal to her claim because "[d]ue process does not require participation in a procedurally defective or biased hearing." Id. The plaintiff contends that she tried to appeal the denial of certification up to the state but was denied the ability to appeal. Id. at 2. She alleges that Judge Duffin's report failed to address this allegation, id., but the amended complaint contains no allegations about a state-level appeal, see dkt. no. 11. The plaintiff argues that the amended complaint contains sufficient facts to state a claim for relief but that she should be granted leave to amend again if necessary. Dkt. No. 17 at 2–3.

C.    <u>Legal Standard</u>

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify—in whole or in part—the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. Because the plaintiff objects to the entire report, the court reviews the matter *de novo*.

D.    <u>Analysis</u>

First, the court will not consider any of the plaintiff's arguments about an ADA claim or a First Amendment retaliation claim. The plaintiff included an ADA claim only in her *original* complaint, not in her *amended* complaint. An amended complaint takes the place of, or "supersedes," the original complaint.

<u>Flannery v. Recording Indus. Ass'n of Am.</u>, 354 F.3d 632, 638 n.1 (7th Cir. 2004). And Judge Duffin explained to the plaintiff that an amended complaint needed to be complete in itself and could not reference the original complaint. Because the plaintiff did not include an ADA claim in her amended complaint, the court will not consider any of the plaintiff's objections or arguments about the ADA claim that she asserted only in her original complaint. And neither the amended complaint nor the original complaint mention the First Amendment or allege that the defendants retaliated against the plaintiff for exercising her First Amendment rights. Because the plaintiff *never* has raised this claim, the court will not consider any argument that the amended complaint states a First Amendment retaliation claim.

The claims raised in the amended complaint are denial of procedural due process and municipal liability under <u>Monell</u>. Dkt. No. 11. "In order to state a claim for a procedural due process violation of a property right, [the plaintiff] must establish: (1) a protected property interest; (2) a deprivation of that property interest by someone acting under the color of state law; and (3) a denial of due process." <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 900 (7th Cir. 2012) (citing <u>Tenny v. Blagojevich</u>, 659 F.3d 578, 581 (7th Cir. 2011)). "[T]he threshold question is whether a protected property interest actually exists." <u>Cole v. Milwaukee Area Technical Coll. Dist.</u>, 634 F.3d 901, 904 (7th Cir. 2011).

"To claim a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of the claimed interest. [She] must, instead, have a legitimate claim of entitlement to it." <u>Khan v. Bland</u>, 630 F.3d 519, 527 (7th Cir. 2010) (internal quotation marks and punctuation omitted) (quoting <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S.

7

564, 577 (1972)). "A protected property interest exists only when the state's discretion is 'clearly limited such that the plaintiff cannot be denied the interest unless specific conditions are met.'" <u>Booker-El</u>, 668 F.3d at 900 (quoting <u>Brown v. City of Michigan City, Ind.</u>, 462 F.3d 720, 729 (7th Cir. 2006)). That is not the case here.

Wisconsin Statute §48.651(1) states that "[t]o be certified under this section, a person must meet the minimum requirements for certification established by the department under sub. (1d), meet the requirements specified in s. 48.686, and pay the fee specified in sub. (2)." Subsection (1d) permits the department to "promulgate rules establishing standards for the certification of child care providers." Wis. Stat. §48.651(1d)(a). Those rules are contained in Wisconsin's administrative code, which permits a certification agency to "deny, suspend, revoke, [or] refuse to renew certification" if "any" of eight enumerated conditions apply to the applicant. Wis. Admin. Code DC §202.06(1). Those conditions include that the "certification agency determines there is danger to the health, safety, or welfare of the children in care" or that the "certification agency has determined the applicant or operator is not fit and qualified." <u>See id.</u> Wisconsin Statute §48.686 identifies eight reasons a licensing entity may not certify an applicant, such as because the applicant has been convicted of a serious crime, made false statements or omitted material information requested in connection with the applicant's background check.

These laws and regulations place substantial discretion in the hands of those reviewing applications for childcare certification. The statute lets the Department of Children and Families create *any* requirements for certification that it wishes. That level of discretion means that licensure is not a foregone conclusion and so is not a property interest. <u>See</u> <u>Bayview-Lofberg's, Inc. v. City</u>

8

of Milwaukee, 905 F.2d 142 (7th Cir. 1990) (no property interest in a liquor license where the governing statute provided discretion to municipal bodies to grant licensure for any reason the issuing body "deems proper"); Buckner v. Heidke, 356 Wis. 2d 325 (Table), 2014 WL 2974316, at *12 Wis. (Wis. Ct. App. 2014) (plaintiff lacked property interest in childcare certification because licensing was subject to the issuing agency's discretion as set out in state law). The plaintiff has not established that she has a property interest in childcare certification, so her due process claim fails. The court need not address the other elements of a due process claim because the plaintiff has not satisfied this threshold requirement.

Judge Duffin's report did not separately analyze the plaintiff's Monell claim, so the court will do so here. For a municipality to be liable under Monell for violating a plaintiff's constitutional rights, the plaintiff must allege that the violation was a result of a municipal policy or custom. Glisson v. Ind. Dep't of Corrs., 849 F.3d 372, 379 (7th Cir. 2017) (citing Monell, 436 U.S. at 690-91). The court already has determined that the plaintiff has not alleged a constitutional violation. Without a constitutional violation, there is no liability under Monell. See Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293, 306 (7th Cir. 2010) (municipal liability only attaches when "official policy is responsible for the deprivation of rights" (emphasis in original)). The plaintiff has not stated a Monell claim.

Based on this de novo review, the court comes to the same conclusion as Judge Duffin: the amended complaint fails to state a claim for relief. The court will overrule the plaintiff's objections, adopt Judge Duffin's recommendation and dismiss the amended complaint and the case.

**III. Motion for Leave to File Second Amended Complaint (Dkt. No. 18)**

The plaintiff also has filed a motion for leave to file a second amended complaint. The court is adopting Judge Duffin's recommendation to dismiss the amended complaint and the case, so the plaintiff's request to once again amend the complaint comes too late. Even if it did not, the court still would deny the motion.

The plaintiff states that she wishes to file an amended complaint "in order to clarify parties, claims, factual allegations, and requested relief." Dkt. No. 18 at 1. But with her original complaint, "supplemental statement" and amended complaint, the plaintiff has had three opportunities to try to state a claim. Each time, she has failed to do so. Giving the plaintiff a fourth opportunity to do so is inappropriate. See Looper Maint. Serv. Inc. v. City of Indianapolis, 197 F.3d 908, 914 (7th Cir. 1999) (district court did not abuse its discretion in denying the plaintiff leave to file a fourth amended complaint because of the plaintiff's "repeated failure to cure deficiencies" in the prior complaints). This is especially so when the proposed second amended complaint once again sues difference defendants and adds claims, despite the plaintiff's assertion that she is amending to narrow the claims. See Dkt. No. 18-1 (adding as defendants the secretary of the Wisconsin Department of Children and Families and the administrator of the Bureau of Early Care Regulation, reviving ADA claim and adding claims for "prospective relief against state officials" and "equal protection/arbitrary action."

Because the plaintiff already has had several opportunities to amend her complaint, the court will deny her motion for leave to file a second amended complaint.

10

## IV. Conclusion

The court **OVERRULES** the plaintiff's objection and **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 13.

The court **ORDERS** that the amended complaint is **DISMISSED** for failure to state a claim.

The court **DENIES** the plaintiff's motion for leave to file a second amended complaint. Dkt. No. 18.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

11